Filed 6/29/26

CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY LAMONT BROWN,<br><br>    Defendant and Appellant. | E084894<br><br>(Super.Ct.No. BAF2400320)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Rene Navarro, Judge.

Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,

Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Adrian R. Contreras, Deputy

Attorneys General, for Plaintiff and Respondent.

The trial court sentenced defendant and appellant Gregory Brown to the upper term of six

years for his robbery conviction.  The only issue in this appeal is whether the court abused its

sentencing discretion by finding his childhood trauma did not trigger a statutory presumption that the lower term should be imposed. We find no abuse of discretion and affirm.

## I.  FACTS

A jury convicted Brown of one count of first degree robbery (Pen. Code, § 211, 212.5, subd. (a)) and found true that the robbery involved a taking of great monetary value (Cal. Rules of Court, rule 4.421(a)(9))—over $4,000, according to the victim.[1]  Brown committed the offense in October 2022, when he was 36 years old.  The jury also found true that Brown had previously been convicted of a strike offense (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) and a serious felony offense (§ 667, subd. (a)).  The jury did not reach a verdict on a second count, so it was dismissed on the prosecution's motion.  The trial court struck both the strike enhancement and serious felony enhancement, leaving the robbery count as the only conviction.

The only aggravating factor listed in the probation report is the monetary amount of the taking (rule 4.421(a)(9)), based on the jury's finding of that fact.  The report cited Brown's experience of childhood trauma (rule 4.423(b)(3)) as a mitigating factor, based on an interview with Brown.  When asked about his home environment as a child, Brown initially denied any trauma, "indicating that his childhood was 'good,' and 'everything was fine.'  He described his early home life as 'calm,' and stated, 'everyone got along.'"  He said he "did not experience any periods of homelessness as a child, and always had access to food, clean clothes, and a clean bed."  However, he "had no relationship with his father and his mother died when he was very young.  He and his siblings were adopted by and raised by his oldest sister."  The probation

---

[1]  Undesignated statutory references are to the Penal Code.  Undesignated rules references are to the California Rules of Court.

report characterized these circumstances as "clear childhood traumas." When pressed, Brown "acknowledged" the childhood experience of his mother dying "was traumatic, but would not elaborate on the event or any impact it had on him." The probation report recommended the middle term for the robbery offense, which, with the strike stricken, would be a sentence of four years.

In sentencing Brown, the trial court considered the jury's true finding on the aggravating factor that the robbery involved taking "currency of great monetary value." The court acknowledged the probation report's discussion of "mitigating circumstances," but found that those circumstances "are not connected to the crime of which [Brown] now stands convicted, nor are they a contributing factor in the offense of which he was convicted." The court was not persuaded by Brown's counsel's argument that Brown's denial of childhood trauma was itself "a sign of trauma." The court found "there is insufficient competent and credible evidence to warrant the imposition of the lower term" under section 1170, subdivision (b)(6). The court imposed the aggravated term of six years.

## II. DISCUSSION

Brown argues the trial court abused its discretion when it declined to apply the section 1170, subdivision (b)(6)(A), presumption of a lower term sentence based on the defendant's childhood trauma. We find no abuse of discretion.

The general rule at sentencing is "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in

paragraph (2)." (§ 1170, subd. (b)(1).) The trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term." (§ 1170, subd. (b)(2).)

Effective January 1, 2022, Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5) amended section 1170, subdivision (b) by adding paragraph 6, which creates a presumption in favor of the lower term under specified circumstances. "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if . . . a contributing factor in the commission of the offense" was, among other factors, that "[t]he person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

Section 1170, subdivision (b)(6) "does not mandate a presumption in favor of the lower term in every case" where one of the listed factors is true. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991 (*Frderickson*).) Instead, the presumption applies only if the factor—in this case, Brown's childhood trauma—"was 'a contributing factor' in [the defendant's] commission of the offense." (*Ibid.*) Thus, for the presumption to apply, there must be some showing that the defendant's childhood trauma played a causal role in leading him or her to commit the offense. (*Id.* at p. 992; see also *id.* at p. 993, fn. 7 ["the Legislature opted to require a finding of causation as to all of the circumstances in section 1170, subdivision (b)(6), and we have no authority to rewrite the statute"].)

4

Here, the court found Brown's childhood trauma was not a contributing factor in the commission of the offense. We review a trial court's sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847, superseded by statute on other grounds.) "'A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence.'" (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1080 (*Gerson*).)

The threshold determination of whether childhood trauma was a "contributing factor in the commission of the offense" (§ 1170, subd. (b)(6)) is "'a quintessential factfinding process,'" and we therefore review that finding for support by substantial evidence. (*Gerson*, *supra*, 80 Cal.App.5th at p. 1079.) We view the evidence in the light most favorable to the judgment and presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. (*Ibid.*) The evidence in support must be reasonable, credible, and of solid value, but otherwise it is the exclusive province of the factfinder to make the determination, including by deciding about witness credibility and resolving conflicts or inconsistencies in testimony. (*Id.* at pp. 1079-1080.)

We conclude the trial court did not err by declining to apply the section 1170, subdivision (b)(6)(A) lower term presumption. First, the court expressly addressed the provision and decided it did not apply, notwithstanding the probation officer's contrary conclusion. The case is therefore unlike *Fredrickson*, where "'[n]either party, probation, nor the trial court mentioned [the lower] term presumption in either briefings, reports, or argument at the sentencing hearing.'"

5

(*Fredrickson*, *supra*, 90 Cal.App.5th at p. 989.)  The trial court recognized its discretion and exercised it.  (See *People v. Bigelow* (1984) 37 Cal.3d 731, 743; *In re Sean W.* (2005) 127 Cal.App.4th 1177, 1182 ["""Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal"""].)

Brown challenges the trial court's finding that his childhood trauma was not a contributing factor to the offense.  The court's reasoning, however, had ample evidentiary support.  Brown initially denied any childhood trauma, describing his upbringing positively.  He conceded, when pressed, that his mother's death and father's absence were traumatic, but did not elaborate on the effects this had on him.  The probation officer acknowledged Brown's "clear childhood traumas," but neither the probation officer nor Brown articulated any connection between those traumas and Brown's participation in a robbery over two decades later, at age 36. (See *People v. Knowles* (2024) 105 Cal.App.5th 757, 769 [trial court could reasonably reject mitigation based on childhood trauma where doctors who examined defendant did not "explain[] how the impacts of [that] trauma contributed" to the offense].)  That Brown did not connect his offense to childhood trauma provides a strong basis for the trial court's conclusion that it was not a contributing factor.

Brown's trial counsel argued that Brown's denial of childhood trauma was itself a symptom of childhood trauma, an argument that in some cases could, if credited, provide a reason to discount the absence of evidence from a defendant.  But in doing so she did not argue how the evidence showed the trauma contributed to the present offense.  Even on appeal, Brown

6

has articulated no such connection, asserting only the conclusion that the court should have found differently. Such arguments suggest that the presumption of a lower sentence should apply because childhood trauma necessarily contributes to later criminal behavior. The Legislature could have taken that view and made the historical fact of childhood trauma alone trigger a lower term sentence. Or the Legislature could have alternatively made the presumption apply unless the prosecution proved the childhood trauma was *not* a contributing factor, as it has done in the pretrial diversion statute. Under that provision, a defendant diagnosed with certain mental disorders is eligible for pretrial diversion if the disorder "was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(2).) In that setting, the statute *requires* the trial court to find the disorder was a significant factor "*unless* there is clear and convincing evidence that it *was not* a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (*Ibid.*, italics added.)

We apply the statute as the Legislature wrote it. Section 1170, subdivision (b)(6)(A) requires a finding that childhood trauma was a contributing factor to the commission of the offense before the lower term presumption applies. Whether or not a trial court could conclude differently on these facts or similar ones, we cannot substitute our judgment as if we were the factfinder. We must affirm the trial court's judgment that Brown's childhood trauma was not a contributing factor in the commission of the offense so long as it was reasonable and based on the evidence. We conclude it was.

## III.  DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

RAPHAEL_____
                                                                J.

We concur:

RAMIREZ_____
                    P. J.

LEE_____
                    J.